IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENAUD RASHEED<br>　　　　plaintiff, | Case No. |
| v. | Honorable Judge |
| CHICAGO TRANSIT AUTHORITY,<br>CHICAGO TRANSIT BOARD<br>　　　　defendants. | Magistrate Judge |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

This is an action for declaratory and injunctive relief and for damages against the defendants to redress deprivation of plaintiff's civil rights under 42 U.S.C. § 1983 and rights secured by the Civil Rights Act of 1964, as amended, 42 U.S.C.A. . § § 2000 et seq., 1981 as amended whereby plaintiff, RENAUD RASHEED, (RASHEED), by and through her undersigned attorneys, complains against defendants as follows:

### PARTIES

1.　　RENAUD RASHEED is a U.S. Citizen residing in the State of Illinois in the City of Chicago, County of Cook.

2.　　Defendant, CHICAGO TRANSIT AUTHORITY (CTA), is an independent governmental agency headquartered in City Chicago, County of Cook in the State of Illinois, operating under the authority of the Chicago Transit Board.

3.　　Defendant, CHICAGO TRANSIT BOARD (CTB), is the governing arm of the CTA. and operates in City of Chicago, County of Cook in the State of Illinois.

## JURISDICTION AND VENUE

4. Jurisdiction of this court is invoked pursuant to 28 U.S.C.A. § § 1331, 1343 (a)(4), 2201, 2202, 42 U.S.C.A. §§ 1981, 1983, amended, and Title VII. Specifically jurisdiction to grant injunctive and equitable relief as well as damages is invoked pursuant to 42 U.S.C.A. § § 2000 U.S.C.A. § 1981, as amended. Supplemental jurisdiction is provided under 28 U.S.C.A. § 1367.

5. Venue is proper in this Federal District Court under 28 U.S.C.A. § 1391 because the acts complained of by the plaintiff occurred within this judicial district and the defendants have a principal place of business within this judicial district. Additionally, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C section 2000e to 2000e-17, this is a Civil Rights matter.

6. Plaintiff filed a charge against the defendant, CTA with the U.S. Department of Justice Civil Rights Division, Equal Employment Opportunity Commission and on January 13, 2023, the U.S. Department of Justice Civil Rights Division, Equal Employment Opportunity Commission issued a "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS". *A copy of the NOTICE OF RIGHT TO SUE WITHIN 90 DAYS is attached hereto as **Exhibit "A"**.*

## CAUSE OF ACTION

7. The location of the acts which amounted to the discriminatory action occurred at CTA Headquarters on CTA property in the County of Cook, State of Illinois in the City of Chicago.

8. This action is bought by the plaintiff, who was an employee of the defendant, CTA at the time the discriminatory actions occurred.

9. The discriminatory conduct of the defendant, CTA which plaintiff complains of in this complaint includes failure to provide a proper religious accommodation for the plaintiff,

retaliation and subsequently terminating plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S. C sections 2000e to 2000e-17.

10. On or about July of 2021, plaintiff, who was a 14 year employee of defendant, CTA, was directed to participate in the CTA Mandatory Vaccination Policy which required full COVID-19 vaccination.

11. The Policy further provided that in limited circumstances, an employee may be excused from the mandatory vaccination policy . . . "where documentation of a sincerely held religious belief or observance which prevents them from receiving the COVID-19 vaccine . . . [was provided]", and application to be excused for Religious beliefs was to be made via the COVID-19 Religious Accommodation Form. ". *A copy of the Mandatory Vaccination Policy for All CTA Employees is attached hereto as **Exhibit "B" (3 pages).***

12. On or about October 1, 2021, plaintiff filed the appropriate application to be exempted from the mandatory vaccine for Religious beliefs by completing and submitting the required COVID-19 Religious Accommodation Form. ". *A copy of DECLARATION BY RASHEED Re: Request for Religious Accommodation or Moral Conviction; Completed REQUEST FOR RELIGIOUS EXEMPTION/ACCOMMODATION RELATED TO COVID-19 VACCINE; and DECLARATION BY RASHEED WITH* proposed *practical measures to guard [against Covid] attached hereto as **Exhibits "C" (2 pages), "D" (11 pages) and "E" (1 page) respectively.***

13. Thereafter on or about June 6, 2022, defendant denied plaintiff's request for an accommodation and subsequently discharged the plaintiff on August 31, 2022, under the pretext of "poor judgment in the execution of your duties and responsibilities." However, the specifics of the discharge memorandum shows that the discharge was due to the fact that "the

3

plaintiff was required to become fully vaccinated and upload proof of vaccination record to the employee self-service portal by November 1, 2021, to be in compliance with CTA is mandatory employee COVID-19 vaccination policy.', and that plaintiff's failure to do so amounted to "poor judgment in the execution of your duties and responsibilities." *A copy of the NOTICE OF DISCHARGE is attached hereto as **Exhibit "F" (2 pages).***

14. On information and belief, defendant had similar requests for religious accommodations from other non-Muslim individuals - - not members of the Nation of Islam, who were granted the accommodation.

15. As a result of defendant's discrimination Plaintiff was wrongfully discharged by defendant on August 31, 2022, and plaintiff has by suffered economic losses in the form of wages loss, and loss of benefits, loss of retirement benefits, and loss of seniority at her job with CTA and thereby has sustained actual damages in excess of $100,000.00.

16. Plaintiff also experienced emotional distress ad damage to her reputation by being discriminated against as a Member of the Nation of Islam and thereby sustained damages.

WHEREFORE, Plaintiff, RASHHED, prays that this honorable court:

   a. Enter judgment in plaintiff's favor and against defendants for their violations of Title VII; and

   b. award plaintiff actual damages suffered, including lost wages, with any increases, and PTO; and

   c. reinstate plaintiff to her position with seniority, pension benefits, and increases in pay which would have been applied but not for the interruption in employment; and

   d. award plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress plaintiff has suffered; and

   e. award plaintiff prejudgment interest on her damages award; and

4

f. enjoin defendants, their officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against plaintiff and any employee; and

g. award plaintiff reasonable attorney fees associated with the prosecution of this case; and

h. award plaintiff any other and further relief that this court deems just and proper.

APRIL 11, 2023.  Respectfully Submitted,

**BOBBY L WARE AND ASSOCIATES, LLC**

By: /s/Bobby Ware
  Bobby L Ware
  Attorney for plaintiff
  RENAUD RASHEED

Bobby Ware (#06229476)
**BOBBY L WARE AND ASSOCIATES, LLC**
15941 South Harlem Ave.
Tinley Park, Illinois 606477
T:(312)437-5006
E:bobby@bobbylwareandassociates.com

5

## RULE 11 CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge information and belief this is that this complaint: 1/ is not being presented for an improper purpose such to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2/ is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; 3/ the factual contentions have evidentiary support or if specifically so identified, will likely have evidentiary support after reasonable opportunity to further investigation for further investigation or discovery; and 4/ the complaint otherwise complies with requirements of rule 11.

By: _____
Plaintiff- AMIR RASHEED